**SO ORDERED.**

**SIGNED February 11, 2011.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

```
              UNITED STATES BANKRUPTCY COURT
               WESTERN DISTRICT OF LOUISIANA

IN RE:

PRINT SERVICE, INC.,                      CASE NO. 09-20861

    Debtor                                Chapter 7
```
-----------------------------------------------------------------
                         MEMORANDUM RULING
-----------------------------------------------------------------

The present matter before the court is a Motion to Fix Hearing in connection with a Motion for Order Authorizing Sale of Property filed by the duly appointed Chapter 7 trustee, Bryan F. Gill (the "Trustee") seeking authority to sell a printing press for $60,000. The Calcasieu Parish School Board, Sales & Use Tax Department (the "Tax Department") filed a limited objection to the Trustee's sale motion claiming a statutory lien on the printing press arising from unpaid sales and use taxes. The Trustee took the position that the Tax Department's lien was not properly recorded and, therefore, could be avoided under 11 U.S.C. § 545. The parties agreed to

allow the sale to proceed and to reserve the question of the Tax Department's lien.  If valid, the Tax Department's lien would attach to the proceeds from the sale.  Although the Trustee's position on the Tax Department's lien raises a question of avoidability under section 545, the parties have agreed to litigate this issue as a contested matter based on the Tax Department's original objection to the Trustee's sale motion.[1]  The court has reviewed the parties' arguments and submissions as well as the relevant authorities.  The court rules on the Tax Department's objection as follows.

**JURISDICTION**

The court has jurisdiction over the matters asserted in this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157(a).  This matter is a core proceeding in which this court may enter a final order pursuant to 28 U.S.C. §157(b)(2)(I) and (J).  The following Memorandum Ruling shall constitute the court's findings of fact and conclusions of law.

**BACKGROUND**

Print Services, Inc. ("Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on September 23, 2009.  The case was

---

[1] See In re Cramer, 393 B.R. 611 (Bankr. N.D. Ill. 2008) (parties can waive the requirements for an adversary proceeding and litigate lien validity disputes by motion).

-2-

subsequently converted to a case under Chapter 7 of the Bankruptcy Code. On July 13, 2010, the Trustee filed his Motion for Order Authorizing the Sale of Property. The Trustee proposed to sell a Komori L426 SN\256 four color printing press for $60,000 free and clear of all liens and encumbrances under 11 U.S.C. § 363. The Tax Department filed a limited objection to the sale asserting that it had a lien on the printing press for unpaid sales and use taxes.[2] The Tax Department filed a timely proof of claim seeking unpaid sales and use taxes for the tax periods of September, November and December 2008 and January thru September 2009, including interest and penalties. The Tax Department recorded its lien in the mortgage records of Calcasieu Parish pursuant to Louisiana Revised Statute 47:337.65 on September 10, 2009. The Tax Department contends that it has a duly perfected lien on the proceeds from the sale of the printing press.

**DISCUSSION**

Section 545 of the Bankruptcy Code empowers the trustee to avoid certain statutory liens. See 11 U.S.C. § 545. Section 545(2) provides:

---

[2] The Trustee's motion states that the amount of the sales and use taxes claimed by the Tax Department is $2,284.46, while the Tax Department's proof of claim asserts a $2,415.63 secured claim. The parties have not requested that the court determine the amount of the Tax Department's claim.

-3-

> The Trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien–
>
> . . .
>
> is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists, except in any case in which a purchaser is a purchaser described in section 6323 of the Internal Revenue Code of 1986, or in any other similar provision of State or local law.

This provision allows the Trustee to avoid a statutory lien that is unperfected or unenforceable against a bona fide purchaser. Whether or not the lien is perfected or enforceable against a bona fide purchaser is determined by non-bankruptcy law. The Trustee acknowledges that the Tax Department filed a notice of its lien in the mortgage records of Calcasieu Parish. However, the Trustee contends that the Tax Department's lien is not perfected or enforceable against a bona fide purchaser because the Tax Department did not file notice of its lien in the state's UCC records. According to the Trustee, the printing press is movable property and must, therefore, be perfected in accordance with Louisiana Revised Statute 10:9-310. The Trustee contends that the Tax Department's lien does not fall within any of the exceptions to this recording requirement as set forth in Louisiana Revised Statute 10:9-311 and 10:9-312.

-4-

The flaw in the Trustee's position is that the Louisiana UCC does not govern the recording requirements for the tax liens claimed by the Tax Department. Louisiana Revised Statute 10:9-310 states that "a financing statement must be filed to perfect all security interests and agricultural liens." A "security interest" is defined as "an interest in personal property or fixtures, **created by contract**, which secures payment or performance of an obligation." La. R.S. 10:1-201(37) (emphasis added). Applying this definition to 10:9-310, the Tax Department's lien is not subject to the recording requirements of the Louisiana UCC by virtue of 9-310 because it is not a consensual lien "created by contract" that falls within the definition of a security interest. Nor is it an agricultural lien. Rather, Louisiana Revised Statute 47:337.65 governs the perfection and enforceability of statutory liens arising from sales and use taxes. This provision provides:

> Except as is specifically provided in the laws regulating building and loan associations, any tax, penalty, interest, attorney fees, or other costs due shall operate as a lien, privilege and mortgage on all of the property of the tax debtor, both movable and immovable, which said lien, privilege and mortgage shall be enforceable in any court of competent jurisdiction in an action, at law, or may be enforced as otherwise provided by this Chapter. The collector may cause notice of such lien, privilege and mortgage to be recorded at any time after the tax becomes due, whether assessed or not, and regardless of whether or not then payable, in the

-5-

>     mortgage records of any parish wherein the
>     collector has reason to believe the tax debtor
>     owns property. The lien, privilege and
>     mortgage created by this Section shall affect
>     third parties only from the date of
>     recordation and shall take their respective
>     ranks by virtue of recordation.

(emphasis added). This provision provides that the Tax Department's lien extends to all property "movable and immovable," and also sets forth the sole method for recording that lien: by filing a notice "in the **mortgage records** of any parish wherein the collector has reason to believe that the tax debtor owns property." (emphasis added). This recording provision does not distinguish between movable and immovable property. Accordingly, the Tax Department may perfect its lien against third parties with respect to movable or immovable property by filing in the mortgage records of any parish where the debtor owns property. There is no independent requirement in the statute for recording a lien on movable property in the UCC records.[3] The court acknowledges the

---

[3] In contrast, different recording requirements apply to federal tax liens. Specifically, 26 U.S.C. §6323(f) provides that the place for filing of a federal tax lien with respect to personal property is "in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated...." Louisiana Revised Statute 52:52 governs the place of the filing for federal tax liens, and sets forth different recording requirements for movable and immovable property. Section 52:52(c) provides that notices of federal tax liens upon "corporeal or incorporeal movable property" must be filed "with the clerk of court of any parish ... for inclusion in the master index of information maintained by the secretary of state."

-6-

Trustee's concern that creditors typically will not search parish mortgage records for liens on movable property, and that the recording requirements of 47:337.65 could create confusion. However, the text of the statute must be construed and applied according to its plain meaning, and its plain meaning does not support the Trustee's position that the Tax Department must file a notice of its lien in the UCC records to perfect or enforce its lien on movable property as against bona fide purchasers.

## CONCLUSION

For the reasons stated herein, the court agrees with the Tax Department that its notice of tax lien was properly filed under Louisiana Revised Statute 47:337.65, and that this filing perfected its lien as to bona fide purchasers. Accordingly, the Trustee has no grounds to avoid the Tax Department's lien under 11 U.S.C. § 545. The court sustains the Tax Department's objection to the distribution of sale proceeds that are subject to the Tax Department's lien. The Tax Department shall submit an order in conformity with this Memorandum Ruling within 30 days.

###